**Dayna J. Christian,** OSB #97336
E-Mail: dayna.christian@immixlaw.com
**Paige B. Spratt**, WSB #44428 (admitted pro hac vice)
E-Mail: paige.spratt@immixlaw.com
IMMIX LAW GROUP, PC
121 S.W. Salmon Street, Suite 1000
Portland, OR  97204
Telephone: (503) 802-5533
Facsimile:  (503) 802-5351
Attorneys for Ritter Chemical, LLC and Xenium Resources, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GUSTAVO BUSTOS-CONTRERAS, | Case No. CV 11-632 KI |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTIONS IN LIMINE** |
| RITTER CHEMICAL, LLC and XENIUM RESOURCES, INC., | **Oral Argument Requested** |
| Defendants. | |

Defendants move this Court to issue an Order, *in limine*, excluding the evidence identified below and prohibiting Plaintiff, and his counsel and witnesses from referring to, asking questions about, commenting on, or attempting to suggest evidence related to the following topics, and from mentioning or revealing the fact that these motions have been presented or ruled upon.

Page 1 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR  97204
Telephone:  503-802-5533
Facsimile:  503-802-5351

## BACKGROUND

In his Complaint, Plaintiff alleges the following four claims against Defendants: (1) Title VII and ORS 659A.030 national origin discrimination claims, (2) Title VII and ORS 659A.030 retaliation claims based on reporting violations of federal law, (3) 42 U.S.C. § 1981 contractual interference claim based on national origin discrimination and retaliation, and (4) ORS 659A.199 retaliation claim for reporting violations of federal law.[1] *See* Complaint. Essentially, the four separate claims amount to two different types of claims, discrimination based on national origin and retaliation for reporting violations of federal law.[2]

Plaintiff alleges one set of facts to support his retaliation and discrimination based on national origin claims. Plaintiff alleges that (1) he was discriminated against because he was (a) classified as an independent contractor instead of an employee and was therefore excluded from receiving benefits and vacation, (b) someone placed a hair in his lunch and placed a heavy chain on his chair, (c) was threatened and spoken to in a derogatory manner, and (2) was retaliated against because he reported the alleged discrimination.

## POINTS AND AUTHORITIES

**1. The Court should exclude evidence relating to Defendants' sensitive, proprietary, and confidential business and financial information.**

At trial, Plaintiff may attempt to solicit evidence relating to Defendants' and affiliated entities' (including Aldis Manufacturing, LLC, Trevor Smith, and Jaime Smith personally)

---

[1] Plaintiff also alleges retaliation based on reporting "a violation of federal law by creating a hostile work environment." Complaint at ¶33. Plaintiff however, fails to properly plead a claim for hostile work environment, accordingly Defendants assume that Plaintiff alleges retaliation based on reporting national origin discrimination.

[2] Defendants have attached a chart showing the similarities and differences between Plaintiff's 4 claims. *See* Declaration of Dayna Christian in Support of Defendants' Motion in Limine ("Christian Decl."), **Exhibit A.**

Page 2 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

sensitive, proprietary, and confidential business information and financial practices, and personal information including, but not limited to, names of Defendants' clients, business purchases and expenses, business tax information, marketing practices, bookkeeping and accounting practices, and all other sensitive or confidential business information. Any such evidence, whether documents or testimony should be excluded from trial because the information is irrelevant, prejudicial, and misleading.

"Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. Here, determination of the action turns on whether Plaintiff can prove that Defendants discriminated against Plaintiff because of his national origin or retaliated against plaintiff because he reported that he believed that Defendants were discriminating against him because of his national origin. Any evidence relating to Defendants' sensitive, proprietary, and confidential business information and financial practices is irrelevant to this action. "Evidence which is not relevant is not admissible." FRE 402.

Moreover, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403. Here, Defendants believe that Plaintiff will attempt to introduce evidence regarding Defendants' business and financial information. For example, during discovery, Plaintiff solicited evidence relating to Defendants entertaining clients, employee, and officer incentives and pay, and company expenditures, including Defendants' purchase

Page 3 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

or lease of company vehicles. The only purpose for bringing such information in this discrimination trial would be to confuse the issues and encourage the jury to question Defendants' business decision-making that in no way relates to Plaintiff. Any such evidence relating to Defendants' sensitive, proprietary, and confidential business and financial practices will likely confuse or mislead the jury as to the issues in the case. *See id*.

Finally, Plaintiff cannot submit such evidence for the purpose of demonstrating the treatment of similarly situated workers. Other workers, such as office employees and officers, are not similarly situated to Plaintiff because the jobs are not similar (office as opposed to warehouse work); the conduct is not similar; and the Plaintiff, office employees, and officers are not materially similar. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641(9th Cir. 2003). Further, employees in supervisory positions, including Trevor Smith, Jaime Smith, and others are generally deemed not similarly situated to lower level employees. *Id*.

Since evidence of business or financial information of Defendants or related entities is irrelevant, prejudicial, and does not support a valid legal theory, the evidence should be excluded.

**2. The Court should exclude evidence relating to allegations not originally filed in Plaintiff's EEOC or BOLI complaints.**

In Plaintiff's Complaint, he alleges that he was "[n]ot being given proper safety equipment while handling dangerous chemicals." Complaint at ¶8(c). Plaintiff did no allege in either his original or amended BOLI complaints that Defendants discriminated against his national origin for failing to give him proper safety equipment. "Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies.

Page 4 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

Therefore "[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990) (quotations and citations omitted). Plaintiff should be precluded from presenting evidence of new allegations unrelated to those raised in his original and amended BOLI complaints. Here, Plaintiff's allegations regarding the lack of proper safety of equipment is unrelated to his allegations involving the hair in his lunch, the chain on his chair, or being spoken to in a derogatory manner. "[C]laims brought in judicial proceedings must be within the scope of the charges filed with the EEOC; '[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.'" *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005), quoting *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992). Accordingly, Plaintiff should be precluded from presenting evidence regarding the alleged improper safety equipment, alleging improper safety equipment as a claim of discrimination, and any other allegations that are unrelated to the specific charges alleged in Plaintiff's original and amended BOLI complaints.

**3. The Court should exclude evidence of damages relating to economic loss, Plaintiff's emotional distress, punitive damages, prejudgment interest, and income tax off-set.**

Plaintiff should be precluded from introducing evidence regarding (i) economic loss, (ii) emotional distress, (iii) punitive damages, (iv) prejudgment interest, and (v) income tax offset.

(i)     Economic Loss

Page 5 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

In his Complaint, Plaintiff claims that he has suffered economic loss in the form of "lost wages." *See* Complaint at ¶15. In the same Complaint, Plaintiff also admits that he was an undocumented worker at the time of the alleged termination. *See* Complaint at ¶13. As an undocumented, illegal worker, Plaintiff is precluded from recovering backpay. *See Hoffman Plastic Compounds, Inc. v. N.L.R.B.,* 535 U.S. 137, 151, 122 S.Ct. 1275, 1284 (2002) ("allowing the Board to award backpay to illegal aliens would unduly trench upon explicit statutory prohibitions critical to federal immigration policy, as expressed in IRCA. It would encourage the successful evasion of apprehension by immigration authorities, condone prior violations of the immigration laws, and encourage future violations"). If the Court were to allow Plaintiff to be awarded economic loss (including, backpay, lost wages, benefits, or vacation, which Plaintiff may claim he is entitled to), Plaintiff could not fulfill his duty to mitigate his economic damages "without triggering new IRCA violations, either by tendering false documents to employers or by finding employers willing to ignore IRCA and hire illegal workers." *Id.* Accordingly, Plaintiff should be precluded from presenting any evidence that he is entitled to any economic loss award, including backpay, vacation, benefits, sick-leave pay, or other economic loss.

    (ii)    Emotional Distress

Plaintiff should be precluded from presenting any witness testimony or documentation to prove his emotional distress, pain, and suffering damages. Plaintiff failed to disclose any witnesses or documents evidencing emotional distress damages during discovery. In his Interrogatories, Plaintiff stated that he would disclose witnesses regarding his emotional distress damages at a later date, but never supplemented his answer. *See*

Page 6 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

Declaration of Dayna Christian in Support of Defendants' Motion in Limine ("Christian Decl."), **Exhibit B** (Plaintiff's Answer to Interrogatory No. 1). Any evidence regarding Plaintiff's emotional distress would cause unfair prejudice to Defendants who were blocked from discovery of emotional distress evidence other than from Plaintiff himself. *See* FRE 403.

    (iii)    Punitive Damages

To be awarded punitive damages, Plaintiff must support by showing evidence of substantial and knowing discrimination; more than is required to show discrimination in violation of §1981. *Ngo v. Reno Hilton Resort Co.*, 140 F.3d 1299, 1303 (9th Cir. 1998). The right to punitive damages under §1981 is undistinguished from Title VII and analyzed in the same way. *Id*. at 1303-4. Punitive damages are available only where the evidence establishes "malice" and "recklessness," an inquiry focused on the employer's state of mind. *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999). To prove malice and recklessness, an employee "plaintiff must demonstrate that the defendant 'almost certainly knew that what he was doing was wrongful and subject to punishment.'" *Ngo*, 140 F.3d at 1304, *quoting Soderbeck v. Burnett County,* 752 F.2d 285, 291 (7th Cir.1985). Plaintiff here cannot establish through admissible evidence the necessary state of mind of Defendants and should therefore be barred from discussing punitive damages.

Even if Plaintiff could to show evidence of recklessness or malice, punitive damages must be limited to comport with due process. *BMW v. Gore*, 517 U.S. 519 (1998). Punitive damages must be measured in relation to the reprehensibility of the conduct, the proportion to economic damages, and the available civil or criminal penalties for the conduct. *Bains*

Page 7 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

*LLC v. ARCO Products*, 405 F.3d 764 (9th Cir. 2005). Five factors dictate whether the conduct was reprehensible: (1) whether the harm caused was physical, (2) whether the conduct was reckless with regards to the health and safety of others, (3) whether the target was financially vulnerable, (4) whether the conduct was isolated or repeated, and (5) whether the harm was due to intentional malice or accident. *Id*. at 775. Plaintiff has not pleaded any physical harm, nor reckless conduct with regards to safety, nor financial vulnerability, nor incidents of repeated conduct. Plaintiff should be barred from discussing punitive damages where Plaintiff has not pleaded and cannot establish even the lowest mental state of recklessness. To all such evidence and argument as it is prejudicial for Defendants to have to defend against claims that have not been pleaded or proved.

        (iv)    Prejudgment Interest

In Plaintiff's Complaint, he prays for prejudgment interest. *See* Complaint at 8, ¶4. "Under Oregon law, prejudgment interest may be awarded if: (1) the exact pecuniary amount is ascertained or ascertainable by simple computation, or by reference to generally recognized standards, such as market price, and (2) a time of definite default is ascertainable." *Soderhamn Machine Manufacturing Co., v. Martin Bros. Container & Timber Prods Corp.*, 415 F.2d 1058, 1064 (9th Cir. 1969).[3] Here, Plaintiff's damages cannot be calculated because he is prohibited from seeking economic damages and has not pleaded or provided evidence of economic damage during discovery. The court should exclude any evidence regarding prejudgment interest and no such request should go to the jury.

        (v)    Income Tax Offset

---

[3] As argued above, Plaintiff is not entitled to pecuniary loss because of his illegal status. *See supra* Motion in Limine number 3(iii).

Page 8 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

In his Complaint, Plaintiff prays for an income tax offset. *See* Complaint at 8, ¶5. An offset for income tax should be limited to damages for lost wages. *See Shaw v. United States*, 741 F.2d 1202 (9th Cir. 1984). Since plaintiff is not entitled to any award of lost income because of his illegal status, Plaintiff should be precluded from presenting evidence or arguing that he is entitled to an income tax offset.

### 4. The Court should exclude evidence regarding Trevor Smith's conviction.

Plaintiff may attempt to present evidence of a conviction for Trevor Smith. Such evidence "of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith." FRE 404(b). Mr. Smith's conviction was completely unrelated to Plaintiff's alleged discrimination or retaliation claims, was entered before Plaintiff's allegations, and was separate and distinct from his relationship with Ritter Chemical, LLC or Aldis Manufacturing. Plaintiff should be prohibited from using the conviction to show conformity therewith.

Plaintiff should also be precluded from even using the conviction to impeach Mr. Smith because of the danger of unfair prejudice. *See* FRE 403. Using a conviction to attack a witness's character for truthfulness is "subject to Rule 403." FRE 609. Mr. Smith's conviction would inflame and distract the jurors from the real issues at stake. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FRE 403 Advisory Committee Comments. Mr. Smith's conviction will likely be misconstrued for an improper purpose by the jury. Even a limiting instruction will likely be ineffective. *See Id.* ("In reaching a decision

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction").

Because Mr. Smith's conviction is in no way related to Plaintiff's claims, cannot be used to suggest conformity, and is prejudicial, the evidence should be barred from this trial.

### 5. The Court should exclude evidence relating to claims that have not been pleaded by Plaintiff.

Plaintiff may attempt to present allegations or use the phrase "hostile work environment" during trial even though plaintiff has not pleaded a claim for hostile work environment. *See* Complaint at ¶ 31 (mention of "creating a hostile work environment") and ¶33 (mention of "reported information that he believed to be a violation of federal law by creating a hostile work environment"). The term "hostile work environment" has special meaning in the law and a body of law to address he phrase as a separate and distinct cause of action. *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995).

Plaintiff should be precluded from presenting evidence of a hostile work environment *generally* because it may mislead or confuse the jurors regarding the issues and properly pleaded claims in this case. *See* FRE 403. For example, during discovery Plaintiff solicited evidence regarding past employees' feelings regarding the "work environment" and the relationships between workers and management. The *general* work environment is irrelevant to Plaintiff's claims of national origin discrimination. *See* FRE 401 and 402. Moreover, Plaintiff has not pleaded the elements of a hostile work environment claim (requires a plaintiff to show that he was subjected to physical or verbal conduct of a racial nature, the conduct was unwelcome, and that the conduct was *sufficiently severe or pervasive* to alter the conditions of employment and create an abusive work environment, *see Knox v. City of*

Page 10 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

*Portland*, 543 F.Supp.2d 1238, 1248 (D. Oregon 2008)) and any evidence solicited regarding the general nature of the work environment should be precluded.

The Plaintiff has not pleaded a claim for hostile work environment and Defendants would suffer unfair prejudice if allowed to do so now. Even mention of the phrase will confuse the jury and require Defendants to clarify the confusion, causing Defendants undue burden. *See* FRE 403.

**6. The Court should exclude witness testimony of other employee or worker complaints that have been alleged against Defendants, including other BOLI complaints.**

At trial, Plaintiff may attempt to present evidence of complaints or allegations of other persons against Defendants, such as complaints of being yelled at or the use of profane language. Any such evidence, whether documents or testimony should be excluded from trial because the information is irrelevant, prejudicial, misleading, and precluded for the purposes of showing action in conformity therewith. *See* FRE 403 and 404(b).

"Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. In this case, determination of the action turns on whether Plaintiff can prove that Defendants discriminated against Plaintiff because of his national origin or retaliated against him because he reported that he believed Defendants were discriminating against him because of his national origin. Any evidence of general complaints, including charges, grievances, accusations, or claims that are unrelated to national origin discrimination should be precluded as irrelevant and inadmissible. *See* FRE 402.

Page 11 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

Plaintiff, in discovery, solicited evidence that Leah Boerner, a former office worker, was personally unhappy at work and complained to management. Others may be called to testify that management used profane language or were quick anger. No such testimony is relevant to Plaintiff's claim of national origin discrimination or retaliation.

Allowing evidence of complaints of others that are unrelated to Plaintiff's discrimination claims would only serve to inflame, mislead, and confuse the jury as to the issues in this case. *See* FRE 403. Moreover, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith." FRE 404(b). Plaintiff should be prohibited from using evidence of complaints of others that are unrelated to Plaintiff's national origin discrimination claim.

**7. The Court should exclude evidence of an individual's character trait as irrelevant, misleading, and precluded under the rules of evidence.**

Allowing circumstantial character trait evidence as circumstantial proof that Plaintiff was discriminated against based on his national origin would not only serve to inflame, mislead, and confuse the jury as to the issues in this case but is specifically limited to criminal cases only, not civil cases. *See* FRE 404(a); FRE 403.

At trial, Plaintiff may attempt to offer character trait evidence as circumstantial proof that Defendants would discriminate against Plaintiff based on his national origin. For example, during discovery, Plaintiff solicited evidence of individual character traits (such as tattoos, parties, friends, places they like to go after work). Any such evidence should be excluded from trial because the information is irrelevant, prejudicial, misleading, and an improper use of character trait evidence, which is severely limited by the Federal Rules of Evidence.

Page 12 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

As discussed above, relevant evidence is evidence, which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. In this case, determination of the action turns on whether Plaintiff can prove that Defendants discriminated against Plaintiff because of his national origin or retaliated against him because he reported that he believed that Defendants were discriminating against him because of his national origin. Any evidence of an individual lifestyle or general character traits are irrelevant to Plaintiff's national origin discrimination claim and should be excluded from this trial. *See* FRE 402.

    **8. The Court should exclude evidence of alleged discrimination based on Plaintiff's status as an illegal alien and Plaintiff's status as a tax payer.**

Illegal aliens and tax payers are not protected classes under federal and state discrimination and retaliation claims. 42 U.S.C. §2000e; 42 U.S.C. §1981; *see also Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 940 (7th Cir. 2012), quoting *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 94 S.Ct. 334 (1973) ("[N]othing in Title VII makes it illegal to discriminate on the basis of citizenship or alienage"). Many of the allegations in Plaintiff's Complaint, even if true, accuse Defendants of discrimination based on the fact that he was an illegal alien, not discrimination based on Plaintiff's national origin of Mexico. *See* Complaint at ¶13 (Plaintiff "reminded them that he did not have documentation and could not sign the I-9 Form. Bustos-Contreras was then told his employment would be terminated"). Plaintiff has also attempted to solicit evidence, during discovery, regarding discrimination based on the fact that Defendants did not want him paying his taxes. Any evidence of discrimination must

Page 13 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

relate solely to Plaintiff's national origin because evidence of discrimination based on Plaintiff's immigration or tax status will confuse or mislead the jury. *See* FRE 403.

**9. The Court should exclude evidence that Plaintiff was discriminated against because of his race.**

Plaintiff has only pleaded discrimination based on his national origin of Mexico, not discrimination based on his race. Race-based discrimination is different than national origin discrimination and cannot be used interchangeably; race-based discrimination occurs when an individual is discriminated against "*solely* because of their ancestry or ethnic characteristics." *St. Francis College v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022 (1987) (emphasis added). Here, Plaintiff has specifically pleaded that he was discriminated against because of his national origin of Mexico. *See* Complaint at ¶¶12, 20. This distinction is material to Defendants' defense to Plaintiff's §1981 claims because if Plaintiff cannot show race-based discrimination, he cannot recover under §1981. *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902 (9th Cir. 1999). Allowing Plaintiff to use race and national origin interchangeably and to introduce evidence of race-based discrimination is prejudicial to Defendants because Plaintiff has not properly pleaded race-based discrimination. *See* FRE 403. Accordingly, Plaintiff should be precluded from showing evidence or arguing race-based discrimination.

**10. The Court should require a neutral, court-approved interpreter during Plaintiff's testimony.**

"An interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation to make a true translation." FRE 604. Here, Plaintiff should be required to produce a neutral, court-approved interpreter to prevent any miscommunication during Plaintiff's direct or cross-examination testimony.

Page 14 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

Additionally, Defendants should be allowed to conduct voir dire of the interpreter to vet him or her for any potential bias. The Ninth Circuit has "analogized interpreters to expert witnesses, stating that interpreters could be subject to voir dire to place the fact finder on notice of the interpreter's potential prejudices and biases, that parties could interrogate the interpreter, and that the parties could independently verify the accuracy of the translation." *NLRB v. Bakers of Paris, Inc.*, 929 F.2d 1427, 1440 (1991). Accordingly, Plaintiff should provide a court approved, neutral interpreter for Plaintiff's testimony and either the Court or Defendants' counsel should be allowed to inquire of the interpreter to ensure his or her independence.

## 11. The Court should exclude discovery documents produced on March 25, 2013.

On March 25, 2013 (the same day that all pre-trial submissions in this action were due), Plaintiff produced 82-pages of new, supplemental, or amended discovery documents. Defendants reserve their rights to object to the use of these documents during trial once they have had an opportunity to review and analyze them. Receiving documents at this late stage in the matter is extremely prejudicial to Defendants. *See* FRE 403.

## 12. The Court should exclude lay witnesses from the courtroom during trial.

Pursuant to FRE 615, Defendants move the Court for an order excluding all lay witnesses from attending trial until they have testified. Defendants also ask the Court to instruct parties, attorneys, and witnesses to refrain from discussing any evidence introduced at trial with lay witnesses who have not yet testified.

Page 15 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351

DATED March 25, 2013.

        IMMIX LAW GROUP PC

        By _____
          **DAYNA J. CHRISTIAN**, OSB #97336
          **PAIGE B. SPRATT**, WSB #44428
          Telephone: (503) 802-5537
          **Attorneys for Ritter Chemical, LLC and Xenium Resources, Inc.**

Page 16 – DEFENDANTS' MOTIONS IN LIMINE

Immix Law Group PC
121 SW Salmon Street, Suite 1000
Portland, OR 97204
Telephone: 503-802-5533
Facsimile: 503-802-5351