UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GUSTAVO BUSTOS-CONTRERAS**, | Civil Case No. 3:11-632-KI |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| **RITTER CHEMICAL, LLC,** | |
| Defendant. | |

Beth Creighton
J. Ashlee Albies
Creighton & Rose, PC
500 Yamhill Plaza Bldg.
815 S.W. Second Ave.
Portland, OR 97204

    Attorneys for Plaintiff


Dayna Christian
Paige Spratt
Immix Law Group, PC


Page 1 - ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

      121 S.W. Salmon St., Ste 1000
      Portland, OR 97204

          Attorneys for Defendant

KING, Judge:

      Pending before the Court is defendant's Motion for Judgment on the Pleadings [ECF 88] and defendant's Motion in Limine Number 3 [ECF 56, 85].  The Court issues the following rulings after hearing argument at a second pretrial conference.

## LEGAL STANDARDS

      Federal Rule of Civil Procedure 12(c) permits a party to move for judgment "on the pleadings" after the pleadings are closed, but well-before trial.  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

## DISCUSSION

      Plaintiff Gustavo Bustos-Contreras alleges multiple discrimination claims against his former employer Ritter Chemical.

      The Court previously made statements about the viability of plaintiff's 42 U.S.C. § 1981 claim [ECF 86].  After reviewing plaintiff's response to defendant's Motion for Judgment on the Pleadings, the Court permits plaintiff's § 1981 claim to proceed despite these earlier statements and denies defendant's Motion for Judgment on the Pleadings.  As an initial matter, the Court has sufficient concern that its original "impliedly repealed" conclusion is problematic given

subsequent amendments to Title VII and § 1981, as pointed out by plaintiff, to cause it to allow the claim to proceed.

Additionally, and importantly, the legal principles in a Title VII case apply equally to a § 1981 claim, and the Ninth Circuit has indicated its intention to allow undocumented workers to seek the protections of Title VII. Manatt v. Bank of America, 339 F.3d 792, 797 (9th Cir. 2003) (legal principles applicable in Title VII "apply with equal force in a § 1981 action"); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1064, n.4 (9th Cir. 2004) (discussing with approval cases in which courts in the Ninth Circuit have assumed without deciding that undocumented aliens are protected by Title VII); see also Hishon v. Spalding, 467 U.S. 69, 74 (1984) ("Once a contractual relationship of employment is established, the provisions of Title VII attach and govern certain aspects of that relationship."). Finally, the Court declines to grant defendant judgment when to do so may tolerate discriminatory behavior by an employer who knowingly hired an undocumented worker and now contends the individual is not permitted to work.

The Court also denies defendant's Motion in Limine with respect to economic damages, prejudgment interest and income tax off-set. Defendant argues plaintiff should not be entitled to backpay because it is its burden to prove plaintiff mitigated his damages, and plaintiff could not have mitigated his damages without violating the law. However, plaintiff is not prohibited from working as an independent contractor for an employer who does not know he is unauthorized. 8 U.S.C. § 1324a (employer required to verify employee identity); 8 U.S.C. § 1324a(a)(4) (unlawful to hire an independent contractor "knowing" the alien is unauthorized). Although the Court recognizes the Ninth Circuit has not ruled on this issue, absent any other authority in this

circuit, Rivera v. NIBCO, Inc. persuades me that plaintiff may seek backpay and related damages. 364 F.3d at 1068-69 (describing importance of backpay to Title VII enforcement).

## CONCLUSION

Based on the foregoing, defendant's Motion for Judgment on the Pleadings [88] is denied and defendant's Motion in Limine Number 3 [56, 85] is denied.

IT IS SO ORDERED.

DATED this     23rd     day of April, 2013.

    /s/ Garr M. King
Garr M. King
United States District Judge