UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**GUSTAVO BUSTOS-CONTRERAS**,

                Plaintiff,

     v.

**RITTER CHEMICAL, LLC and ALDIS MANUFACTURING LTD.**,

                Defendants.

Case No. 3:11-cv-00632-MO

**OPINION AND ORDER**

**MOSMAN, J.**,

## BACKGROUND

Plaintiff Gustavo Bustos-Contreras brought suit under 42 U.S.C. § 2000e ("Title VII"), Or. Rev. Stat. § 659A.030, 42 U.S.C. § 1981, and Or. Rev Stat. § 659A.199 against his former employer, Defendant Ritter Chemical and Defendant Aldis Manufacturing. (Amend. Compl. [109] ¶ 25–45.) He alleged, *inter alia*, discrimination based on race and national origin and unlawful retaliation for his opposition to the same. *Id.* ¶ 7–18. Mr. Bustos-Contreras alleged that the companies were his "joint employer" and that both could be liable for employment discrimination based on their joint "control over the terms and conditions of [his] employment.

*Id.* ¶ 7.  Defendant Ritter, which had filed for bankruptcy during the pendency of the lawsuit, did not appear at trial.  Defendant Aldis appeared and defended against all claims.

The suit was tried to the Court on March 4–7, 2014.  At trial, Mr. Bustos-Contreras put on evidence that certain agents of Defendant Aldis, particularly Trevor Smith and his son, Jaime Smith, made certain discriminatory statements and took certain discriminatory actions giving rise to his claims.  He put on evidence that both Messrs. Smith were agents of both Defendant Aldis and Defendant Ritter during the relevant time period.  Defendant Aldis put on contrary evidence, including Jaime Smith's own testimony and the testimony of other witnesses to the events alleged to give rise to the claims.  After the close of evidence, this Court found for Defendant Aldis on all claims.  Judgment [224] was entered for Defendant Aldis and against Mr. Bustos.

The Court also entered a default against Defendant Ritter based on its failure to appear at trial.  (Minutes [220].)  Mr. Bustos now requests entry of a default judgment against Defendant Ritter, including an award of damages in the amount of $133,060.02. (Pl.'s Mot. [225]; Mem. in Supp. [226] at 5.)

## LEGAL STANDARDS

Default must be entered against a party that has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Default may be proper where a party, despite having answered the complaint and litigated pretrial matters, fails to appear at trial.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917–18 (3d Cir. 1992).  In this case, Defendant Ritter "affirmatively signaled [ ] its intention to cease participating in its own defense," by, *inter alia*, withdrawing its counsel without retaining a substitute,[1] and failing to appear at trial.[2]  *See Mickalis*, 645 F.3d at 130.

---

[1] An entity may not appear *pro se* in a state or federal court in Oregon. Or. Rev. Stat. § 9.320; 28 U.S.C. § 1654. Judge King granted [177] counsel for Ritter's motion to withdraw.

Consequently, I GRANTED [220] Plaintiff's oral motion for entry of default on the final day of trial.

A party who has obtained an entry of default against an opponent may seek a default judgment against that opponent under Federal Rule of Civil Procedure 55(b)(2). The grant or denial of a motion for entry of default judgment is within the discretion of the court. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (per curiam).

In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), the Supreme Court held that where a suit is against multiple defendants alleged to be jointly and severally liable, the court should not enter a default judgment against one defendant while the litigation is ongoing against other defendants. The Court explained that it would be "incongruous and illegal" to enter default judgment against a defaulting defendant where the suit was still proceeding against other defendants. 82 U.S. at 554. The Court recognized that a plaintiff prevailing on the merits against those defendants not in default could later obtain a judgment against all, including those in default. *Id.* Likewise, a plaintiff *not* prevailing against those defendants who defended the case would not be entitled to default judgment against the defaulting defendants. *Id.*

The Ninth Circuit has expanded this rationale to defendants "who are similarly situated, even if not jointly and severally liable." *Nielson v. Chang (In re First T.D. Investments)*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane et al., *Federal Practice and Procedure* § 2690 (3d ed.1998)). The principle behind the Ninth Circuit's application of the *Frow* principle may be described as *uniformity*: "the key question [is] whether under the theory of the [case], liability of all the defendants must be uniform." *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001).

---

[2] *See* Order [178]; Order [189].

**DISCUSSION**

I conclude that under Mr. Bustos-Contreras's theory in this case, Defendants Aldis and Ritter were "similarly situated" within the meaning of *In re First T.D.* Plaintiff's theory of the case, as actually tried to this Court, set Defendants Ritter and Aldis out as liable for the alleged discrimination based on actions taken by individuals alleged to be their joint agents. Throughout the trial Mr. Bustos-Contreras put on evidence premised on and tending to prove Defendants' joint liability. He testified that certain people, particularly the Messrs. Smith, made particular discriminatory comments and took certain discriminatory actions. He also put on evidence that at all relevant times the Messrs. Smith were agents of both Defendant Aldis and Defendant Ritter.

After the close of evidence, this Court found that the alleged events did not occur. Under Plaintiff's theory of the case, it logically follows that if Jamie Smith as an agent of Aldis did not take a certain action, then Jamie Smith as an agent of Ritter also did not take such action; if Trevor Smith did not make a certain statement as an agent of Aldis, he did not make such statement as an agent of Ritter.

The entire trial was permeated with references to Defendant Aldis and Defendant Ritter as joint actors through their joint agents. Entry of a default judgment against Defendant Ritter would be "incongruous," *Frow*, 82 U.S. at 554, because a judgment against Defendant Ritter would be inconsistent with the complete lack of liability established at trial as to Defendant Aldis.

## CONCLUSION

Plaintiff's Motion for Default Judgment [225] is DENIED.

IT IS SO ORDERED.

DATED this   30th   day of April, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge